is going to argue, step up to the podium for just a moment. Before we begin, let me say it is ordinarily our policy to allow 15 minutes for each side. Would you care to reserve some time for rebuttal? Yes, Your Honor, three minutes. Very well. And also, please be mindful that we'll make allowances for questions that may be asked and extend your time for that purpose. With that done, you would identify yourself for the record, please. Brian Carroll from the State Appellate Defender's Office for Mr. Salas. Thank you. Suzanne Krauss on behalf of the people. Very good. Thank you. All right. With that, we shall begin. Good morning, Your Honors. Counsel, may it please the Court. The circuit court in this case erred in denying Salas' leave to file his successive post-conviction petition, asserting that the trial court erroneously rejected his request for second-degree murder instructions, despite having already determined that self-defense instructions were warranted, where he sufficiently demonstrated both cause and prejudice to go forward with his claim. As for cause, Salas asserted that subsequent decisions by the Illinois Supreme Court showed that the legal basis for both the trial court's ruling and the decision on direct appeal affirming the trial court were faulty, and that due to substantial restrictions the Department of Corrections placed on his ability to conduct legal research, he was unable to discover the legal basis for his claim before the deadline to file his initial PC. At the time of Salas' trial and direct appeal, the courts were unsettled as to whether second-degree murder instructions were mandatory when self-defense instructions were given and the defense requested second-degree instructions. Indeed, the state on direct appeal strenuously argued that the law, and particularly the holding and lock-in, did not mandate that second-degree murder instructions were required in such cases. However, shortly after the decision on direct appeal came down, the Supreme Court settled the matter in People v. Washington, where the court explicitly held that second-degree instruction is mandatory, quote, where the trial court has determined that the giving of the instruction of self-defense is warranted, and the defendant requests the giving of second-degree murder instruction. And as the Supreme Court later explained in People v. McDonald, under Washington where, as here, a defendant appeals a trial court's refusal to give second-degree instructions despite having determined that self-defense instructions is warranted, the only question before the reviewing court is the legal question of whether second-degree instruction is a mandatory counterpart to the self-defense instruction, and the reviewing court is not to conduct its own review of the evidence to determine if, in its own view, the instructions were warranted. Therefore, this subsequent case law shows that the trial court's ruling and the ruling on direct appeal was faulty, and that Solace should have been given second-degree murder instructions. So are you arguing, in essence, that if the self-defense instruction was not based on the evidence, the court still is required to give the second-degree murder instruction? Our position is the question of whether or not the self-defense instruction was warranted was not before the court on direct appeal. It was for the trial court to make that determination, and as McDonald shows, that the reviewing court is not to conduct its own review or its own assessment of the evidence to second-guess the trial court. Essentially, it would be like the — because the state is not allowed to appeal the giving of the self-defense instruction. So essentially, the reviewing court was sort of acting as an advocate in that sense, and putting on the hat — or basically raising an issue for the state on the state's behalf that the state And it was a well-established principle that it's the prerogative of the jury to believe as much or as little as it pleases of any witness's testimony. It can accept some evidence. It can reject some, whether that's from the defense or the state. And so here, the jury was free to believe that there was a portion of Salas' trial testimony alleging that Ojeda pulled a gun on him and that they struggled over the gun. It was free to believe the statement Salas gave to Detective O'Donnell that he discharged the gun during that struggle, but to disbelieve Salas' claim that he didn't actually shoot Ojeda during the struggle. It was the jury's prerogative to make that assessment. Counsel, you're saying that the defendant can deny shooting someone and still get the self-defense instruction? Absolutely, Your Honor. As long as there is otherwise evidence in the record that would support a second-degree self-defense and their necessarily second-degree instruction, because it's the jury's determination to believe — what's to believe and what's not to believe. And to deny Salas' second-degree — or self-defense and second-degree instructions because he did not admit to the shooting in his trial testimony is to — There's no testimony that he admitted ever. Yeah, either in his trial testimony or his testimony or the statement to the detectives that he ever shot. He told O'Donnell that he discharged the firearm during the struggle. And it's up to the jury to make the determination whether or not they may believe that he was just still trying to minimize his involvement in the crime. He said he didn't shoot him as well, did he not? Yes, in his trial he said he didn't shoot him. But again, it's for the jury to — but it's undisputed that Ojeda was shot in the back. Yes. So if the jury believed that — the testimony that Ojeda pulled the gun on Salas, the struggle for the gun, and Salas discharged it, then they could believe that part but disbelieve his claim that he didn't shoot Ojeda. That's for the jury to decide, not for the court. I mean, think of a situation where the state's case has some holes in it, but some of the defense evidence fills in those holes. Now, is there any holding that says, well, the jury can't consider both the state's evidence and those parts of the defense case that fill in the holes to find sufficient evidence to support the conviction? No. The jury can do that. And if it's good for the cause, it's good for the case. So the defendant argues in trial, I did not shoot the victim, but it was self-defense. So long as there is otherwise some evidence in the record that if believed by the jury, they could disbelieve the defendant on that aspect, but believe the other evidence and find that there was self-defense or second-degree murder. That's our position. I think that's just a necessary result of the fundamental principle that it's for the jury to decide what parts of the evidence to believe and what parts not to believe. And turning to prejudice, Charles made a prima facie showing that there's possibility that the outcome of the trial could have been different had second-degree murder instructions been given. As the Supreme Court states in Washington, the fact that the jury ultimately rejected a self-defense theory doesn't mean that it would necessarily have also rejected a second-degree theory if given the opportunity to do so. And here, there's no objective evidence that refutes a second-degree theory. It's all essentially subjective testimony from the witnesses. The current witnesses were all friends with Ojeda, mostly of bum or gang members. So they had a motivation to cover for Ojeda. And they were, for the most part, impeached on some level. And here, this wasn't an open-and-shut case where the jury was in and out of the jury room. It's only been almost ten hours. Weren't there a couple of women who were involved in this case, I mean testified in this case, who were not gang members? One witness pulled down... Yes, Your Honor, I didn't say everyone was a gang member. I said most of the state's current witnesses were gang members. But they all knew Ojeda. And again, it's all subjective testimony. It's not objective testimony that would necessarily refute a second-degree instruction. Again, like I said, the jury took over ten hours to decide this case. So it's not a situation where the jury just disbelieved Solis' claims on their face. If it simply believed the state's witnesses, they would have been in and out in a matter of minutes. So unless the Court has any other questions, we believe that Mr. Solis' petitions show both cause and prejudice for advancing his claim to the second stage, where it could be more fully fleshed out with the appointment of counsel. Thank you.  Your Honors, may it please the Court. This is a clear-cut case of race judicata. This exact same issue was already decided by you in 2011 in the defendant's direct appeal. At that time, this Court found that the trial court did not abuse this discussion in refusing the second-degree murder instructions in the absence of any evidence supporting self-defense instructions. The defendant cannot show cause because nothing has changed in the law or the facts since that time. It's the exact same issue, and the findings should be the same. There is no disagreement between the parties that the law is where the evidence supports a finding of an instruction on self-defense, then the defendant would be entitled to second degree as well. Where I would differ with counsel, though, he stated that the holding was where the trial court finds that the evidence that warrants self-defense. But that is not exactly what the Court found. The Court found that where the evidence supports the finding, where the evidence supports submitting an instruction on self-defense, then the defendant would also be entitled to second-degree murder. So just because the trial court made that decision does not mean that the defendant is automatically, therefore, entitled to that second-degree murder instruction. In this case, this Court properly found there was no evidence in the record of self-defense. Additionally, the law did not change. Washington and McDonald, which are the two cases primarily relied on by the defendant, did not change the law. They merely clarified the law, and clarification does not equal change in the law. Washington even stated, we reiterate the holding in Lockett. In Washington, the trial court had given self-defense but not second-degree instructions. The appellate court reversed and remanded, and the state in that case is the one that appealed and argued that Lockett had not set forth a mandatory rule. The whole discussion in Washington was determined if Lockett had in fact set forth a mandatory rule, and Washington found that Lockett had done so. Washington also noted that many cases had held that there was a mandatory rule in the three decades since the ruling in Lockett. The Washington court explained, reading Lockett as a whole convinces us that this court intended to set forth a mandatory requirement. This court stated in Lockett that we hold when the evidence supports submitting an instruction on justifiable use of force, an instruction on voluntary manslaughter also should be given. McDonald also cited Lockett as holding that as a matter of law, if the record contains evidence of a defendant's subjective belief, both instructions should be given. Therefore, the law did not change. The defendant cannot show cause in this case. Additionally, this court's decision in 2011 was proper. The function of the appellate court is to review decisions of the trial court such as whether they properly instructed the jury. This court can affirm on any grounds in the record and is not bound by the arguments made by the parties. As our Supreme Court in McDonald stated, common sense dictates that for a reviewing court to determine whether the trial court abused its discretion, it must undertake a review of the relevant evidence. How do you respond to counsel's argument that in the 2011 case, this court triggered upon the province of the jury? This court, in order to, this court was asked by the defendant to look at whether the trial court was proper when it denied the second degree murder instructions. Part of that review is looking at self-defense. That's the first step to determine whether second degree murder instructions are warranted. Additionally, this court did not make any credibility findings. This court simply reviewed all the evidence that was in the record and determined there was no evidence of self-defense. Self-defense, you cannot have a defense of self-defense unless the defendant admits the killing of the victim. The defendant in this case, as you alluded to, never admitted firing the shots that actually killed the victim. And therefore, this isn't a matter of the appellate court making a credibility finding where the jury should have made. There was just simply no evidence in the record to support an instruction of self-defense. As I said, you cannot get to that question of whether the defendant's belief in the need for the use of force was justified unless you first establish that there's evidence in the record that the defendant even used force in the first place for whether he thought that there was a need for the use of force. In this case, there was no evidence that the defendant used force against the victim, no evidence that the defendant was using force against the victim, no evidence that the defendant believed that there was a justified need for the use of force. Second-degree murder is often referred to as an imperfect self-defense. You cannot have an imperfect self-defense unless you first have evidence, any evidence in the record of self-defense. The defendant's complaint also that the appellate court committed error in this case in 2011 was waived as the defendant did not raise this issue in his initial post-conviction petition. Post-conviction petitions also are not the proper place to address appellate court error as relief may be had under the Post-Conviction Act only for violations of the defendant's constitutional rights and proceedings which resulted in his or her conviction. An appellate court proceeding is not such a proceeding. The proper remedy for any error by the appellate court would be appeal to the Illinois Supreme Court, which the defendant did in this case and that was denied. In addition to not being able to show cause in this case, the defendant cannot show prejudice because he was not entitled to the instructions in the first place. The verdict of the jury would not have been different here even if the jury had been instructed on second-degree murder because there simply was no evidence in the record that the defendant committed the act that killed the victim. What is what weight or any value should be given to the statement of defendant to the detective of Donald? It is not the job, the function of the appellate court to give weight to make credibility findings. If we're not asking the court to weigh the evidence, to weigh the evidence of testimony versus the evidence of the statement the defendant made to the detective, we're not asking this court to make a credibility finding to weigh one over the other. What is the case here is that even if you look at the defendant's statement to the detective, even if you accept as true what the defendant said to the detective, there still is no evidence in the record that the defendant performed the act which killed the victim. The detective never testified that the defendant admitted that any of the three shots struck the victim. The defendant did tell the detective that there was a struggle over the gun and that during that struggle the gun fired three times. However, we know the victim in this case died from a single gunshot wound to the back of the head. If that had happened during the struggle that the defendant described to the detective, the struggle would have ended right then and there. However, the defendant told the detective that the struggle continued and that the victim even shot him in the back of the head as he ran away. So we're not asking you to place any weight we're not asking you to make any determinations of credibility. The fact is there is just simply no evidence that the defendant here committed the act which killed the victim and if you have no evidence that the defendant used force, you have no evidence that the defendant believed the use of force was necessary, you cannot even get to second degree murder because you don't have evidence to warrant self-defense in the first place. Council did argue that we are asking you to disbelieve the claim of the defendant that he shot the victim and that that would be the province of the jury, but we are not asking you to disbelieve anything because it just simply was not in the record. There is no evidence. There can be no prejudice for not receiving an instruction that you were not entitled to in the first place. Any other questions? We did not in 2011 improperly review the trial court's giving of the self-defense instruction? No, in 2011 this court made the correct ruling because the defendant asked this court to review whether the trial court should have given second degree murder instructions and you cannot get to that question without first looking at whether self-defense was warranted. Under BACA this court had to first, basically the first step in the analysis of determining whether a defendant is entitled to second degree murder instructions, the first step in that analysis is to look at whether there is any evidence of self-defense. Council talked about Washington making a finding that the trial may have been different, but in Washington there was a lot of conflict and there was a lot of conflicting evidence and therefore the court said there were findings of fact that should have been left to the jury, but here the difference is that even looking at all of the evidence, we are not asking I agree with Council that you can look at defense evidence the evidence presented by the state, looking at all of the evidence equally the fact just remains that in this case there was no evidence of self-defense and therefore this court made the proper ruling in 2011. Are we allowed to look at the state evidence? Can the defendant rely on state evidence to argue that there is evidence to support self-defense? The defendant can rely on any evidence that was presented. If the state does not present any evidence to support the affirmative defense of self-defense then it is the defendant's burden to prove that affirmative defense but the defendant can rely on any evidence in the record but in this case there simply was not evidence presented by either side that the defendant admitted committing the act which resulted in the death of the victim. If there are no other questions, for all of these reasons as well as those stated in our brief, the denial of the defendant's motion for leave to file successive post-conviction should be affirmed. Thank you. Counselor, talk about Lockett for a moment. And how it fits in this or does not. Well, I think that Lockett Lockett held that in that case that the second degree was mandatory but I think the language of the case did not make it clear that that was a mandatory in all cases and I think that shows by the fact that the appellate court was conflicted on that issue and again if the law was settled on that at the time of the direct appeal that would have been a big surprise to the state at the time because they argued very strongly that it was not mandatory, that Lockett did not commit that. So to argue that Washington didn't somehow change the legal landscape I think that's just the history of this case itself shows that that's not true. Going back to counsel stated there's no evidence that Solace committed the act that caused the death. Well, if that's the case then he would have been acquitted. There's obviously evidence in this record that he shot him. And the counsel said that the defendant has to admit to the shooting. Well, that's not true either as the decision in Jones states. The defendant doesn't even have to testify at all and the evidence supporting the instructions can come entirely from the state. And then the going back to how McDonald described Washington, in McDonald the defense was arguing that it's a de novo review as to whether or not a trial court made a correct decision regarding jury instructions. And in discussing that it's no, it's not de novo review, it's abuse of discretion, the court talked about the Washington decision. This is in paragraph 41. And the courts pointed out that in Washington the Supreme Court did not review the evidence. It deferred to the trial court and it only answered the legal question of whether or not second degree murder instructions were a necessary accompaniment to self-defense if requested by the defense. And then I guess I already described or discussed the res judicata. It's our position that the conflict in the appellate court, the arguments of the state on direct appeal and also the argument of the state in the case of Washington itself shows that Washington changed the law. I mean on direct appeal the state argued that the appellate decision in Washington was wrongly decided. So Washington clearly changed the legal landscape. So unless this court has any other questions we'll just ask that you reverse the circuit court and remand for second stage proceedings. Thank you. Thank you. Thank you. We'd like to thank you both for a very interesting argument and we will take the matter under advisement and we will issue a written decision in a reasonable length of time.